ANDREW L. PACKARD (State Bar No. 168690)
WILLIAM N. CARLON (State Bar No. 305739)
Law Offices of Andrew L. Packard
245 Kentucky Street, Suite B3
Petaluma, CA 94952
Tel: (707) 782-4060
Fax: (707) 782-4062
E-mail: andrew@packardlawoffices.com
        wncarlon@packardlawoffices.com

Reed W. Super (State Bar No. 164706)
SUPER LAW GROUP, LLC
180 Maiden Lane, Suite 603
New York, New York 10038
Tel: (212) 242-2355
Fax: (855) 242-7956
E-mail: reed@superlawgroup.com

Attorneys for Plaintiff
CALIFORNIA SPORTFISHING
PROTECTION ALLIANCE

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE, a non-profit corporation,<br><br>Plaintiff,<br><br>vs.<br><br>WEST CONTRA COSTA SANITARY LANDFILL, INC.,<br><br>Defendant. | Case No. 3:20-CV-07767-JD (TSH)<br><br>**FIRST AMENDMENT TO CONSENT DECREE**<br><br>**(Federal Water Pollution Control Act, 33 U.S.C. §§ 1251 to 1387)** |

**WHEREAS**, in August 2021, Plaintiff California Sportfishing Protection Alliance ("CSPA") and Defendant West Contra Costa Sanitary Landfill, Inc., ("Defendant") (collectively, "Parties") entered into a Consent Decree ("Consent Decree"), filed with this Court and entered on October 6, 2021, in order to resolve the above titled action. ECF No. 34;

**WHEREAS**, pursuant to the Consent Decree, the Court retains and has jurisdiction over the matter for the purposes of resolving disputes arising under the Consent Decree;

**WHEREAS**, on April 7, 2023, CSPA provided written notice to Defendant identifying a number of ways in which CSPA contends Defendant has not complied with the terms of the

Consent Decree;

**WHEREAS**, on May 3, 2023, Defendant responded, and the Parties have continued to meet and confer;

**WHEREAS**, Defendants deny the occurrence of the violations alleged by CSPA;

**AND WHEREAS**, the Parties agree that it is in their mutual interest to resolve this matter without litigation and amend the Consent Decree;

**NOW THEREFORE THE PARTIES HEREBY AGREE TO THE FOLLOWING AMENDMENTS TO THE CONSENT DECREE**:

(1) Paragraph 2 is <u>amended</u> to read as follows:

**2.     Implementation of Specific Storm Water Best Management Practices**. Unless otherwise indicated below, on or before **November 1, 2023**, WCCSL shall complete the implementation and incorporation into the Facility's Storm Water Pollution Prevention Plan ("SWPPP") of the following storm water source control measures and Best Management Practices ("BMPs") at the Facility:

(2) Paragraph 2.b.3 is <u>amended</u> to read as follows:

**Improvements at WCL-11H:** On or before November 15, 2023, WCCSL shall, at the former weir connecting Ponds B and C, excavate the area between to the two concrete forms of the weir and backfill with a clay/bentonite mix or other suitable construction materials in order to plug the weir and prevent discharge from WCL-11H. The area will be capped with concrete or suitable aggregate base material to seal the former weir area off.

(3) Paragraph 2.b is <u>supplemented</u> to read as follows:

7. **Install a speed bump at the compost operation**. On or before November 15, 2023, WCCSL shall install a speed bump at the grade break on the road to the compost operation such that storm water from the compost operation is prevented from running down the roadside ditch.

8. **Evaluate the Potential for Increasing Discharges to West County Wastewater District to Address the Potential for Storm-Related-Discharges From Lined Pond A to Unlined Pond A**: WCCSL agrees that it shall evaluate the feasibility of increasing discharges of waste water from Lined Pond A to

WCWD in order to reduce the likelihood that Lined Pond A will flow into unlined Pond.

(4) Paragraph 2.c is <u>amended</u> to read as follows:

c.  *Request for proposals to evaluate storm water management at WCCSL and implement effective remediation strategies to improve discharge quality.*  On or before **June 16, 2023**, WCCSL shall select one or more consultants to work closely with to develop remedial alternatives and details for WCCSL to consider, including technical approaches, engineering feasibility, compliance and costs.  The project deliverables should convey advantages and disadvantages of each strategy and identify a recommended plan or plans to address the exceedances of nitrate plus nitrite nitrogen, chemical oxygen demand, aluminum, iron, and copper in WCCSL's storm water discharges.  On or before **September 15, 2023**, WCCSL shall provide CSPA with a detailed progress report as to the status of the work described above and a copy of the project deliverable identified above.  On or before **November 15, 2023**, WCCSL shall implement recommended BMPs identified by its consultants for the 2023-24 rainy season that can be achieved in that timeframe.

(5) Paragraph 2.h is <u>amended</u> to read as follows:

h.  *Facility Mapping*.  On or before **October 15, 2023**, WCCSL agrees to revise the Site Map appended to the current SWPPP to comply with all of the requirements in Section X.E.1-3 of the General Permit and for use in documenting this Decree.

(6) Paragraph 4 is <u>supplemented</u> to read as follows:

**4.     Sampling Frequency during the Term of this Decree**.  Subject to the provisions of paragraph 16 herein (Force Majeure), for the 2021-2022, 2022-2023, and 2023-2024 reporting years ending June 30th (2022, 2023, and 2024), WCCSL shall collect and analyze samples at the Facility from three (3) Qualifying Storm Events[1] ("QSEs") within the first half of each reporting year (July 1 to December 31), and three (3) QSEs within the second half of each reporting year (January 1 to June 30).  The storm water sample results shall be compared with the values set forth in **Exhibit D**, attached hereto, and incorporated herein by reference.  If the results of any such samples exceed the

---

[1] A Qualifying Storm Event (QSE) is defined in the Industrial General Permit as a precipitation event that: (a) produces a discharge from at least one drainage area; and (b) is preceded by 48 hours with no discharge from any drainage area.  *See* General Permit, Section XI(b)(1).

First Amendment to CD                              3

parameter values set forth in **Exhibit D**, WCCSL shall comply with the "Action Memorandum" requirements set forth below. Lack of adequate rainfall to generate three QSEs shall be deemed an event of Force Majeure, and in such event, the provisions of this paragraph shall be deemed modified to apply only to the number of QSEs occurring. Defendant shall provide a notice and explanation on or before January 15 indicating the required 3 samples were not collected as a result of lack of rainfall producing three QSEs.

(7) Paragraph 6 is <u>supplemented</u> to read as follows:

**6.     "Action Memorandum" Trigger; CSPA Review Of "Action Memorandum"; Meet-and-Confer.** If any sample taken during the two (2) reporting years referenced in Paragraph 4 above exceeds the Evaluation Levels set forth in **Exhibit D**, or if WCCSL fails to collect and analyze samples from six (6) QSEs, then except as provided in section 4 above with respect to lack of rainfall as Force Majeure, WCCSL shall prepare a written statement discussing the exceedance(s) and/or failure/inability to collect and analyze samples from six (6) storm events, the possible cause and/or source of the exceedance(s), and additional measures that will be taken to address and eliminate or reduce potential future exceedances and/or failures to collect required samples ("Action Memorandum").

The Action Memorandum shall be provided to CSPA not later than July 15 following the conclusion of each reporting year, on July 15, 2022, July 15, 2023, and July 15, 2024. Such additional measures referenced above may include, but are not limited to, further material improvements to the storm water collection and discharge system, changing the type and frequency of Facility sweeping, changing the type and extent of storm water filtration media or modifying other industrial activities or management practices at the Facility. Such additional measures, to the extent feasible, shall be implemented as soon as possible and in no event later than ninety (90) days after the due date of the Action Memorandum unless additional time is reasonably required. Within seven (7) days of implementation, the Facility SWPPP shall be amended to include all additional BMP measures designated in the Action Memorandum.

CSPA may review and comment on an Action Memorandum and suggest any additional pollution prevention measures it believes are appropriate; however, CSPA' failure to do so shall not be deemed to constitute agreement with the proposals set forth in the Action Memorandum. Upon

request by CSPA, WCCSL agrees to meet and confer in good faith (at the Facility, if requested by Plaintiff) regarding the contents and sufficiency of the Action Memorandum.

WCCSL shall, by no later than **September 15, 2023**, prepare an update to the ERA Level 2 Technical Report for nitrate plus nitrite nitrogen, iron, aluminum, and chemical oxygen demand that incorporates the project deliverables from paragraph 2.c above.

(8) Paragraph 7 is supplemented to read as follows:

**7.     Inspections During The Term Of This Decree**.  In addition to any site inspections conducted as part of the settlement process, for purposes of the meet-and-confer process concerning an Action Memorandum as set forth above, WCCSL shall permit representatives of CSPA to perform up to four (4) physical inspections of the Facility if reasonably needed during the term of this Decree.  These inspections shall be performed by CSPA's counsel and consultants and may include sampling, photographing, and/or videotaping and CSPA shall provide WCCSL with a copy of all sampling reports, photographs and/or video.  CSPA shall provide at least seventy-two (72) hours advance notice of such physical inspection, except that WCCSL shall have the right to deny access if circumstances would make the inspection unduly burdensome and/or pose significant burden or interfere with business operations or on any party/attorney, or the safety of individuals. In such case, WCCSL shall specify at least three (3) dates within the two (2) weeks thereafter upon which a physical inspection by CSPA may proceed.  WCCSL shall not make any alterations to Facility conditions during the period between receiving CSPA' initial seventy-two (72) hour advance notice and the start of CSPA's inspection that WCCSL would not otherwise have made but for receiving notice of CSPA's request to conduct a physical inspection of the Facility, excepting any actions taken in compliance with any applicable laws or regulations.  Nothing herein shall be construed to prevent WCCSL from continuing to implement any BMPs identified in the SWPPP during the period prior to an inspection by CSPA or at any time.

(9) Paragraphs II.10-12 (Mitigation, Compliance Monitoring, and Fees and Costs) are
   supplemented to further state:

**II.     MITIGATION, COMPLIANCE MONITORING, AND FEES AND COSTS**

**10.     Mitigation Payment In Lieu Of Civil Penalties Under the Clean Water Act.**  As mitigation to address any alleged potential harms from the Clean Water Act violations alleged in the

First Amendment to CD                                            5
                                                                       Case No. 3:20-CV-07767-JD (TSH)

Action, WCCSL agrees to pay the sum of $20,000 for projects to improve water quality in the San Pablo Bay watershed, one half to the Rose Foundation and one-half to the Watershed Project. These funds shall be remitted directly to the Watershed Project [will provide address/contact info] and to the Rose Foundation for Communities and the Environment at: Rose Foundation, Attn: Tim Little, 201 4th Street, Suite 102, Oakland, CA 94607-4369 within ten (10) days after the filing of this amendment.

**11.    Compliance Monitoring Funding.**  To defray CSPA' reasonable investigative, expert, consultant and attorneys' fees and costs associated with monitoring WCCSL's compliance with this Decree, WCCSL agrees to pay the sum of $7,500 to a compliance monitoring fund maintained by counsel for CSPA as described below.  Payment shall be made payable to the "Law Offices of Andrew L. Packard Attorney-Client Trust Account" and remitted to Plaintiff's counsel by ACH or wire transfer to:

> Bank of America Corporate Center | 100 North Tryon Street, Charlotte, NC 28255
> ACH Routing # 121000358
> Wire Routing # 026009593
> Law Offices of Andrew L. Packard Attorney-Client Trust Account # 16649-09357

within fifteen (15) days after the filing of this amendment.  Compliance monitoring activities may include, but shall not be limited to, site inspections, review of water quality sampling reports, review of annual reports, discussions with WCCSL concerning the ERA reports referenced above, and potential changes to compliance requirements herein.

**12.    Reimbursement of Fees & Costs.**  WCCSL agrees to reimburse CSPA in the amount of $15,000 to defray CSPA' reasonable investigative, expert, consultant, and attorneys' fees and costs, and all other costs incurred as a result of investigating the activities at the Facility, bringing the action, and negotiating a resolution of this action in the public interest.  Payment shall be made payable to the "Law Offices of Andrew L. Packard Attorney-Client Trust Account" and remitted to Plaintiff's counsel by ACH or wire transfer to the account identified in paragraph 11 above within fifteen (15) days after the filing of this amendment.

Paragraph IV.18 is amended to read as follows:

**18.**    This Decree shall be effective upon mutual execution by all Parties.  This Decree shall

terminate on the "Termination Date," which shall be **November 1, 2024** (except for the purposes of enforcing the terms of the Decree).

Paragraph IV.24 shall be <u>amended</u> to read as follows:

**24.    Notices.**  Any notices or documents required or provided for by this Decree or related thereto that are to be provided to CSPA pursuant to this Decree shall be sent by electronic mail transmission to the email addresses listed below:

>Chris Shutes, Executive Director - E-mail: cshutes@calsport.org
>
>With copies sent to:
>Andrew L. Packard - E-mail: andrew@packardlawoffices.com
>William N. Carlon - E-mail: wncarlon@packardlawoffices.com

Any notices or documents required or provided for by this Decree or related thereto that are to be provided to WCCSL pursuant to this Decree shall be sent by electronic mail transmission to the email addresses listed below:

>Mr. Ken Lewis
>General Manager, WCCSL
>One Parr Boulevard (Foot of Parr Blvd)
>Richmond, CA 94806
>klewis5@republicservices.com
>With copies sent to:
>Judith George, Esq.
>Senior Corporate Counsel
>Safety, Sustainability & Environmental Services
>18500 North Allied Way
>Phoenix, AZ 85054
>jgeorge4@republicservices.com
>
>And
>
>Scott W. Gordon, Esq.
>swgordon@tbsglaw.com" swgordon@tbsglaw.com

Each Party shall promptly notify the other of any change in the above-listed contact information.

The Parties hereto enter into this amendment, and unless specifically modified by this amendment, all provisions of the Consent Decree remain in full force and effect.

Dated:  __August 23,__, 2023         CALIFORNIA SPORTFISHING PROTECTION
                                      ALLIANCE

|   |   |
|---|---|
| By: | *[signature: Chris Shutes]* |
|   | Chris Shutes, Executive Director |

Dated: _____, 2023          WEST CONTRA COSTA SANITARY LANDFILL, INC.

By: _____

Kevin Divincenzo, Vice President

APPROVED AS TO FORM:

Dated:  August 31, 2023          LAW OFFICES OF ANDREW L. PACKARD

By: *[signature: William Carlon]*

William N. Carlon
Attorneys for Plaintiff
CALIFORNIA SPORTFISHING PROTECTION ALLIANCE

Dated: _____, 2023          LAW OFFICES OF SCOTT W. GORDON, A Professional Corporation

By: _____

Scott W. Gordon
Attorney for Defendants
WEST CONTRA COSTA SANITARY LANDFILL, INC.

|   |   |
|---|---|
|   | By: _____ |
|   | Chris Shutes, Executive Director |
| Dated: August 31, 2023 | WEST CONTRA COSTA SANITARY LANDFILL, INC. |
|   | By: _____ |
|   | Kevin Divincenzo, Vice President |

APPROVED AS TO FORM:

Dated: _____ 2023    LAW OFFICES OF ANDREW L. PACKARD

By: _____

Andrew L. Packard
Attorneys for Plaintiff
CALIFORNIA SPORTFISHING PROTECTION ALLIANCE

Dated: August 31 2023    LAW OFFICES OF SCOTT W. GORDON, A Professional Corporation

By: _____

Scott W. Gordon
Attorney for Defendants
WEST CONTRA COSTA SANITARY LANDFILL, INC.